MUNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PISANI | : | |
| | : | |
| v. | : | C.A. No. 07-187S |
| | : | |
| RICHARD L. VAN IDERSTINE | : | |

**MEMORANDUM AND ORDER**
**PURSUANT TO 28 U.S.C. § 1915(e)**

**Background**

Before this Court for determination is Plaintiff Carol Pisani's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 22, 2007, Plaintiff filed a *pro se* Complaint against Richard L. Van Iderstine of the National Highway Traffic Safety Administration ("NHTSA"), General Motors Corporation, Oprah Winfrey and Donnelly Corporation. Her Complaint consists of seven confusing, hand-written pages which allege that she invented a sensor to detect the presence of people or animals in car trunks and that Defendants impermissibly shared her invention among themselves and/or with the general public without her consent or authorization. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application, signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint *sua sponte* (on the Court's own motion) under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or

"seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, rather than recommend dismissal of Plaintiff's Complaint at this time, Plaintiff is granted leave to file an Amended Complaint so that this Court may be better able to understand and then review her claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's seven-page Complaint is hand-written and, unfortunately, very confusing and poorly organized. According to her IFP Application, Plaintiff is not currently employed, has not been employed since 1989 and has a total of $12.00 in a single bank account. The cover page to her Complaint indicates that her Complaint is for breach of contract, trade secret, and violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"). In the body of her Complaint, she does not indicate the basis for any RICO claims, the nature of those claims or the Defendants to which the RICO claims are directed. Further, while the Clerk docketed her case as a patent infringement action, Plaintiff does not indicate which sections of the Patent Act were violated and by which Defendants. Instead, as best the Court can surmise, Plaintiff alleges that she invented a trunk sensor to detect the presence of people or animals in the trunks of cars, and she obtained a "Confidential Agreement" from the NHTSA, but the NHTSA later disclosed the content of her invention to General Motors, the Donnelly Corporation and the Oprah Winfrey Show.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of

N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

In reviewing Plaintiff's Complaint, this Court has taken all of her allegations contained therein as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v.Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are some deficiencies apparent from the face of Plaintiff's Complaint which require consideration before this case may proceed further. These deficiencies are discussed in more detail below.

Although Plaintiff's *pro se* Complaint is held to a less stringent standard than one drafted by a lawyer, her *pro se* status does not excuse her from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). As noted above, Plaintiff's hand-written Complaint is very confusing and vague as to many details. The Complaint does not contain a case caption listing the Defendants. The case caption on Plaintiff's IFP Application identifies only Richard L. Van Iderstine as a Defendant. Moreover, the

Complaint does not identify the legal basis for this Court's jurisdiction and fails to identify the particular relief sought from this Court.

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the Plaintiff's claim(s); and (3) a demand for judgment, i.e., the damages or other relief sought by plaintiff. One of the primary purposes of Rule 8(a) is to give the defendant(s) and the Court fair notice of the claim being made by a plaintiff. Here, Plaintiff's Complaint clearly fails to comply with Rule 8(a). In addition, Rule 10(a), Fed. R. Civ. P., requires that a complaint include a caption naming all of the parties (including all of the defendants) and that plaintiff's factual allegations be organized in separately numbered paragraphs. Finally, Rule 10(b), Fed. R. Civ. P. requires that each separate legal claim against a defendant(s) be set forth in a separately numbered "count" or section within the complaint. Plaintiff's Complaint also clearly fails to comply with Rules 10(a) and (b). See Simpson v. Kingston, No. 04-C-298-C, 2004 WL 1246058 (W.D. Wisc. June 2, 2004) (complaint caption which did "not list any defendants" fails to comply with Rule 10(a)).

**Conclusion**

Giving due deference to Plaintiff's *pro se* status, at this time, this Court will not recommend that the District Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Rather, this Court GRANTS Plaintiff Leave to file an Amended Complaint within thirty (30) days from the date of this Order which complies with the Federal Rules of Civil Procedure. In particular, the Amended Complaint should:

> (1) start with a case caption that lists or identifies all of the defendant(s), that is, the particular party(ies) and/or agency(ies) being sued by Plaintiff in this case, see Fed. R. Civ. P. 10(a);

(2) be titled "Amended Complaint" at the top of the document;

(3) set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs and counts (or sections), see Fed. R. Civ. P. 10(b);

(4) contain a short and plain statement of the legal grounds upon which the federal court's jurisdiction depends, see Fed. R. Civ. P. 8(a)(1);

(5) contain a short and plain statement of the legal claim showing that Plaintiff is entitled to relief, see Fed. R. Civ. P. 8(a)(2); and

(6) contain a demand for judgment specifying the relief which Plaintiff seeks from each named defendant, see Fed. R. Civ. P. 8(a)(3).

This Court will take further action as appropriate under 28 U.S.C. § 1915(e)(2)(B) after reviewing Plaintiff's Amended Complaint. If Plaintiff fails to file an Amended Complaint pursuant to this Order, this Court will recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons discussed above pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 6, 2007