UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL PISANI | : | |
| | : | |
| v. | : | C.A. No. 07-187S |
| | : | |
| RICHARD L. VAN IDERSTINE | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**1. Background**

Carol Pisani ("Plaintiff") filed her *pro se* Complaint and Motion to Proceed In Forma Pauperis ("IFP") on May 22, 2007. (Document Nos. 1 and 2). The Court granted her Motion to Proceed IFP and also required Plaintiff to Amend her Complaint so that the Court could evaluate it pursuant to 28 U.S.C. § 1915(e)(2)(B). (Document No. 3). Subsequently, on June 29, 2007, Plaintiff filed her Amended Complaint against Richard L. Van Iderstine of the National Highway Traffic Safety Administration ("NHTSA"), General Motors Corporation, Oprah Winfrey and Donnelly Corporation. (Document No. 5).

Having granted Plaintiff IFP status, this Court is required by statute to further review Plaintiff's Amended Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's claims pursuant to 18 U.S.C. §§ 1341, 1343 and 1832 be DISMISSED WITH PREJUDICE because the claims are "frivolous" and/or "fail[] to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Additionally, the Court recommends that Defendants Oprah Winfrey, General Motors and

Donnelly Corporation be DISMISSED WITHOUT PREJUDICE from this action because Plaintiff's Amended Complaint fails to plead any factual or legal claims against these Defendants. This Court recommends, however, that Plaintiff's claim under 5 U.S.C. § 552(b)(4) against Richard Van Iderstine in his official capacity as Chief of the Visibility and Injury Prevention Division of the NHTSA be allowed to proceed.

## II. Facts

Plaintiff's Amended Complaint consists of three hand-written pages and six exhibits. In her Amended Complaint, Plaintiff alleges that she invented a sensor known as "Advance Notice" which could be used to detect the presence of people and animals in car trunks. She also claims that she submitted her invention to the NHTSA and that it granted her confidentiality as to her invention. Finally, she alleges that Mr. Van Iderstine, an NHTSA official, "released it to the public" without "agreement or notification" to Plaintiff. Plaintiff lists four federal statutes as the bases for this Court's jurisdiction: 18 U.S.C. §§ 1341,1343 and 1832 and 5 U.S.C. § 552(b)(4). In a paragraph entitled "Relief for Judgement" Plaintiff states, "Mr. Richard L. Van Iderstine shall not be fined according to the law no more than $500,000."

The Exhibits to the Amended Complaint include a "Certificate in Support of Request for Confidentiality" executed by Carol Pisani and dated January 25, 1999 which is addressed to the NHTSA, and a letter date-stamped May 20, 1999 from Mr. Van Iderstine to Plaintiff which acknowledges receipt of her January 25, 1999 correspondence. The letter from Mr. Van Iderstine states that the NHTSA does not "endorse or assist in the marketing of products" and that the NHTSA had "convened an expert panel to make recommendations on [the subject of trunk entrapment] and some vehicle manufacturers have announced they will make inside trunk releases available either

as retrofit kits for vehicles in service or as original equipment on new vehicles beginning in the fall of 1999." In closing, the letter notes that Plaintiff was "granted confidentiality for information [ ] provided in [the] letter" and that such information "will be protected from public disclosure." The remaining exhibits include a description of Plaintiff's invention as well as a copy of a section of the Code of Federal Regulations and copies of two NHTSA documents.

The Amended Complaint does not state any factual or legal claims against Oprah Winfrey, General Motors or the Donnelly Corporation.

**III. Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**IV. Discussion**

This Court is recommending that portions of Plaintiff's Amended Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Amended Complaint as true and has drawn all reasonable

inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Amended Complaint, there are several legal deficiencies apparent from the face of the Amended Complaint which warrant the summary dismissal of several claims. These deficiencies are discussed in more detail below.

Plaintiff has alleged the general violation of several federal criminal statutes in connection with her submission of "Advance Notice" to the NHTSA. Even though the Court construes the claims in the light most favorable to Plaintiff, there is no private right of action for the criminal violations alleged. Plaintiff lists three federal criminal statutes, 18 U.S.C. § 1832, 18 U.S.C. § 1341 and 18 U.S.C. § 1343, as the basis of federal jurisdiction. The first statute, 18 U.S.C. § 1832, is a portion of the Economic Espionage Act of 1996, which provides penalties for anyone that knowingly engages in theft of trade secrets or the attempt or conspiracy to steal trade secrets. Several courts have noted that a private citizen has no federal cause of action for trade secret misappropriation under the Economic Espionage Act. See, e.g., Brown v. CitiCorp, No 97 CV 6337, 1998 WL 341610, *3 (N.D. Ill. June 22, 1998); Boyd v. Univ. of Illinois, No. 96 Civ. 9327, 1999 WL 782492, *3 (S.D.N.Y. Sept. 30, 1999). The next two federal statutes concern mail fraud and wire fraud. Neither of these two statutes serve as a basis for Plaintiff's claims. "It is well established that there is no private cause of action under the mail fraud statute which is 'a bare criminal statute with no indication of any intent to create a private cause of action, in either the section in question or any other section.'" Gibbs v. SLM Corp., 336 F.Supp.2d 1, 17 (D. Mass. 2004) (citing Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-1179 (6th Cir.1979). See also Vasile v. Dean Witter Reynolds Inc.,

20 F.Supp.2d 465, 478 (E.D.N.Y. 1998) (noting there is no private right of action for mail fraud under 18 U.S.C. § 1341 or for wire fraud under 18 U.S.C. § 1343).

As noted, Plaintiff lists Oprah Winfrey, General Motors and Donnelly Corporation as Defendants in this action in her case caption. Plaintiff, however, has failed to specify any legal claims or any factual allegations against these three Defendants, despite the Court's instruction to file an Amended Complaint in compliance with Federal Rules of Civil Procedure 8 and 10, or risk dismissal. Even viewing the Amended Complaint under the liberal review standard, there is no basis stated for any claims against these Defendants, and I therefore recommend that they be dismissed from the action.

The only remaining basis for federal subject matter jurisdiction is Plaintiff's claim that Richard Van Iderstine violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(4), by disclosing the content of her invention to "car manufacturers, plus many other special people" at a meeting which allegedly occurred on June 3, 1999. The Court has reviewed this claim and notes that, "[a] suit challenging a federal agency's decision to disclose records under the Freedom of Information Act (a 'reverse FOIA suit') is cognizable only as an Administrative Procedure Act suit – the FOIA itself does not create a right of action." Environmental Tech., Inc. v. EPA, 822 F. Supp. 1226, 1228 (E.D. Va. 1993). Despite this apparent deficiency, the Court is required at this stage to apply a liberal review standard to the claims set forth in Plaintiff's Amended Complaint. Without passing on the merits of the claim, Plaintiff's ultimate chance of prevailing or the merits of any defenses or immunities, the Court has determined that Plaintiff's claim under 5 U.S.C. § 552(b)(4) against Defendant Van Iderstine in his official capacity may proceed and so recommends.

**V. Conclusion**

I recommend that the District Court allow Plaintiff's claim under 5 U.S.C. § 552(b)(4) against Mr. Richard L. Van Iderstine, in his official capacity, to proceed, but that the Court DISMISS all of the other claims made, and Defendants named, in Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 23, 2007