UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL PISANI :
:
v. : C.A. No. 07-187M
:
RICHARD L. VAN IDERSTINE :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Since 2007, Plaintiff Carol Pisani has initiated four pro se actions in this Court and, in each case, has been granted in forma pauperis ("IFP") status under 28 U.S.C. § 1915 which excused her from paying the civil case filing fees. See also Pisani v. General Motors Corp., C.A. No. 09-125S; Pisani v. Ford Motor Co., C.A. No. 09-126S; and Pisani v. King, C.A. No. 09-127S. Because Plaintiff was granted IFP status, all of her cases were subject to preliminary review under 28 U.S.C. § 1915(e). This case was originally filed against Mr. Van Iderstine, a former official with the National Highway Traffic Safety Administration ("NHTSA"), as well as General Motors Corp., Oprah Winfrey and Donnelly Corporation, and alleged misappropriation of a trunk sensor invention which Plaintiff claims she invented and confidentially submitted to NHTSA. (Document No. 1). Due to the confusing and disorganized nature of her initial Complaint and out of deference to her pro se status, Plaintiff was granted leave to file an Amended Complaint. See Pisani v. Van Iderstine, C.A. No. 07-187S, 2007 WL 1656248 (D.R.I. June 6, 2007). In her Amended Complaint, Plaintiff alleged that Mr. Van Iderstine "received her trade secret invention" and "did not let [her] know that the NHTSA released it to the public." (Document No. 5). She claimed that this was a violation of

"government rules" because she "did not receive any agreement or any notification." Id. Subsequently, Plaintiff's Amended Complaint was reviewed under 28 U.S.C. § 1915(e) and all of Plaintiff's proposed claims were dismissed for failure to state claims upon which relief could be granted with the exception of a single potential claim against Mr. Van Iderstine in his official capacity. Pisani v. Van Iderstine, C.A. No. 07-187S, 2007 WL 2319844 (D.R.I. Aug. 9, 2007). While the Court noted a possible legal deficiency in such "reverse FOIA" claim, the claim was allowed to proceed applying the "liberal review standard" generally applied to pro se pleadings and without passing on the ultimate merits of the claim. Id. at *3.

Plaintiff's other three cases did not survive screening under 28 U.S.C. § 1915(e). See Pisani v. Ford Motor Co., et al., C.A. Nos. 09-125, 09-126 and 09-1275, 2009 WL 1109321 (D.R.I. April 23, 2009). Plaintiff appealed those dismissals, and the First Circuit Court of Appeals affirmed the dismissals in the 09-126 and 09-127 cases. See First Circuit Appeal Nos. 09-1652 and 09-1653 (March 31, 2010). Plaintiff's appeal in the 09-125 case (Pisani v. General Motors) is apparently stayed due to the pending General Motors bankruptcy case. See First Circuit Appeal No. 09-1651.

**Discussion**

Because Plaintiff was granted IFP status under 28 U.S.C. § 1915, the United States Marshals Service was Ordered to effectuate service upon Mr. Van Iderstine pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d). See Text Order dated December 6, 2007; see also Laurence v. Wall, 551 F.3d 92, 93 (1st Cir. 2008) (holding that District Court must order service by U.S. Marshal if plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915). On or about January 18, 2008, the Process Receipt and Return was filed unexecuted by the Marshal. It certifies that the Marshals Service was

"unable to locate" Mr. Van Iderstine and that the address provided on the form by Plaintiff was the "wrong address."

Because of the failure of service, the Court has issued multiple Orders over time for Plaintiff to show cause why this case should not be dismissed for lack of prosecution, i.e., failure to make service within 120 days as required by Fed. R. Civ. P. 4(m). See Document Nos. 17, 23 and 26. In response, Plaintiff has filed numerous letters and other documents. She also appeared before the Court for a show cause hearing on August 16, 2010 and submitted an envelope containing an additional "31 Court papers." Although these submissions fault the Marshals Service attempt and offer various suggestions, Plaintiff never specifically provides a current, valid address for Mr. Van Iderstine for purposes of service. In addition, she does not provide any competent proof of service on Mr. Van Iderstine through her own alternate, independent efforts. Because Defendant Van Iderstine has not been served within 120 days, Rule 4(m), Fed. R. Civ. P., requires that "the Court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time" upon a showing by the plaintiff of "good cause" for the failure to make timely service.

Although the law provides for service by the Marshal in IFP cases, the First Circuit has held that an IFP plaintiff is "required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named Defendants, if needed, and completing any necessary paperwork and forms." Laurence, 551 F.3d at 94. An IFP plaintiff has a general duty to prosecute his case diligently and "fail[s] to do so by ignoring his duty to provide the Court with current service addresses." Marks v. Does, No. C09-5489 RJB/KLS, 2010 WL 5590859 at *2 (W.D. Wash. Dec. 13, 2010). "[W]here a pro se plaintiff fails to provide accurate and

sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the un-served defendant is appropriate." Id. at *1 (citing Walker v. Sumner, 14 F.3d 1415, 1421-1422 (9th Cir. 1994)); see also Smith v. Belle, 321 Fed. Appx. 838, 845 (11th Cir. 2009) (affirming dismissal of un-served defendant under Rule 4(m) where IFP plaintiff failed to provide the defendant's current address for purposes of service by the Marshal). It is "the plaintiff's responsibility to provide a name and address for each defendant to be served" and Plaintiff here has failed to do so accurately as to Defendant Van Iderstine. Ibanez v. Miller, No. C 09-4576 MHP, 2011 WL 1514359 at *7 (N.D. Cal. March 11, 2011); see also Coley v. Baca, No. CV09-08595, 2011 WL 651457 at *3 (C.D. Cal. Jan. 11, 2011) ("burden was on [IFP] plaintiff to provide sufficient information to enable the Marshal to serve [defendant]").

In this case, Plaintiff provided the Marshals Service with an inaccurate address for Defendant Van Iderstine and thus it was unable to complete service. Plaintiff has been on notice of this defect for a substantial amount of time and has not remedied the problem. "Having pursued and exhausted the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer further assistance in determining the whereabouts of [Mr. Van Iderstine]." Anderson v. Fishback, No. CV-05-0729-PHX, 2009 WL 1117893 at *2 (E.D. Cal. April 24, 2009). To do so would inappropriately place the Court and/or Marshal in the role of advocate or agent for Plaintiff. See Ramirez v. Denver Health Med. Ctr., No. 05 CV 01596 MSK, 2006 WL 2527965 at *3 (D. Colo. Aug. 30, 2006) (further noting that it is neither the proper role nor the responsibility of the Court or the Marshal to investigate and locate parties for an IFP plaintiff). Thus, the Court concludes that a further extension of time for service under Rule 4(m) is not warranted and would not be productive, and recommends that Plaintiff's claim against Defendant Van Iderstine be dismissed without prejudice under Rule

4(m), Fed. R. Civ. P., due to failure to effectuate service in a timely fashion. See McGee v. UMass Corr. Health, No. 09-40120-FDS, 2010 WL 3464282 at *7 (D. Mass. Sept. 1, 2010) (dismissing claim under Rule 4(m) where Marshal was unable to serve certain defendants due to lack of addresses).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 27, 2011